IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLECIA ANN HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1711 |
| | ) | |
| RAMIN FASHANDI and | ) | |
| HOLLY FASHANDI, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Flecia Ann Harvey's Motion to Proceed In Forma Pauperis filed on December 2, 2022, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). After reviewing Plaintiff's IFP Motion, the Court finds that she is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

Turning to Plaintiff's Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes her Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

Plaintiff's Complaint is difficult, if not impossible, to decipher. (*See* Docket No. 1-1). Plaintiff alleges that the Court has jurisdiction over this matter pursuant to 18 U.S.C. § 1708 and Title VII of the Civil Rights Act of 1964.[1] (*Id.* at 1). The section of the Complaint entitled "Facts" is blank; however, Plaintiff describes her claim on the Civil Cover Sheet accompanying the Complaint as follows: her neighbor stole her mailbox with her mail in it; her neighbor and his wife have harassed her and they murdered her cat; they placed a scarecrow facing the windows of her

---

[1] On the Civil Cover Sheet accompanying the Complaint, Plaintiff lists 18 U.S.C. § 1708 and Title VII of the Civil Rights Act of 1964 as the "civil statutes" under which she is filing the action. (*See* Docket No. 1-2). As discussed herein, § 1708 is not a civil statute, but rather a federal criminal statute.

house; they sprayed her grass with weed killer and then she got the chemical on herself when she cut the grass; and her neighbors generally have been harassing her since she moved in to her home in 2019. (*See* Docket Nos. 1-1; 1-2). In the "Relief" section of the Complaint, Plaintiff requests that the Court help her "live in peace in [her] home" and "get justice for the money we put out for lawyers, surveyors, doctors, and for the pain and suffering we have and may have in the future," as well as compensation for euthanizing her cat, taking security measures and installing a new mailbox. (Docket No. 1-1 at 1).

Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that her Complaint does not come close to complying with this requirement. As noted, Plaintiff's Complaint is difficult to interpret given that she lists two defendants but fails to specify in any discernable manner what her claim or claims is as against each of them. Again, the section of the Complaint entitled "Facts" is blank.

Furthermore, Plaintiff's citation of 18 U.S.C. § 1708 and Title VII of the Civil Rights Act of 1964 as the statutes under which she is filing suit is insufficient to state a claim for relief. (*See* Docket Nos. 1-1; 1-2). First, Title VII makes it unlawful for an employer to discriminate against someone because of race, color, religion, sex or national origin, (*see* 42 U.S.C. § 2000e-2), which does not appear to have any relevance to the description of Plaintiff's cause of action set forth on the Civil Cover Sheet. Next, § 1708 is a federal criminal statute which criminalizes theft or receipt of stolen mail matter. As a private citizen, Plaintiff is unable to prosecute this federal criminal charge directly or via a claim under 42 U.S.C. § 1983. *See Christopherson v. Polyconcept, N. Am.*, Civ. No. 20-545, 2021 WL 4776889, at *4 (W.D. Pa. Oct. 13, 2021) (citing *El v. People's*

*Emergency Ctr.*, Civ. No. 19-690, 2021 WL 2823042, at *3 (E.D. Pa. July 7, 2021) (dismissing federal criminal claims because a plaintiff "has no private right of action to bring claims under the criminal code")); *Jackson v. Bolandi*, Civ. No. 18-17484, 2020 WL 255974, at *7 (D.N.J. Jan. 17, 2020) (dismissing § 1983 claim premised on alleged violations of federal criminal statutes) (citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*.") (emphasis in original)); *In re Edwards*, Civ. Nos. 18-CV-4776 and 18-CV-4777, 2018 WL 6062354, at *4 (E.D. Pa. Nov. 20, 2018) (observing that 18 U.S.C. § 1708 does not provide a basis for civil liability).

In sum, the Court is unable to discern what type of claim Plaintiff purports to assert. As currently pled, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted, and therefore the Complaint will be dismissed without prejudice to Plaintiff filing an Amended Complaint to the extent that she is able to state a plausible claim for relief. *See e.g., Duglas v. Kamper*, Civ. No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, the Court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction." (citing 28 U.S.C. § 1915(e)(2)(B); *Spell v. Allegheny Cty. Admin.*, Civ. No. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (permitting amendment by *pro se* plaintiff where "the facts alleged [in the complaint] are simply too vague, and the theories of liability too poorly articulated" for the Court "to determine whether allowing [her] to amend . . . would be futile").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 21st day of December, 2022, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is GRANTED;

(2) Plaintiff's Complaint (Docket No. 1-1) is DISMISSED WITHOUT PREJUDICE to amendment by Plaintiff to the extent that she is able to state a plausible claim for relief; and,

(3) To the extent Plaintiff wishes to file an Amended Complaint, she must do so by January 6, 2023. If Plaintiff fails to file an Amended Complaint by January 6, 2023, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc: Flecia Ann Harvey (via U.S. mail)
6395 Saltsburg Road
Pittsburgh, PA 15235